IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALABAMA COALITION FOR IMMIGRANT JUSTICE; LEAGUE OF WOMEN VOTERS OF ALABAMA; LEAGUE OF WOMEN VOTERS OF ALABAMA EDUCATION FUND; ALABAMA STATE CONFERENCE OF THE NAACP; ROALD HAZELHOFF; JAMES STROOP; CARMEL MICHELLE COE; and EMILY JORTNER, <br><br> *Plaintiffs*, <br><br> v. <br><br> WES ALLEN, in his official capacity as Alabama Secretary of State; STEVE MARSHALL, in his official capacity as Alabama Attorney General; and JAN BENNETT, BARRY STEPHENSON, CINDY WILLIS THRASH, and SHEILA COX BARBUCK, in their official capacities as Chairs of Boards of Registrars of Elmore, Jefferson, Lee, and Marshall Counties; <br><br> *Defendants*. | Case No. 2:24-cv-01254 |

**PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs Alabama Coalition for Immigrant Justice, League of Women Voters of Alabama, League of Women Voters of Alabama Education Fund, Alabama

1

NAACP, Roald Hazelhoff, James Stroop, Michelle Coe, and Emily Jortner request expedited discovery of factual information relevant to core claims in the case that will support the efficient development of the evidentiary record and support the Court's adjudication of a forthcoming motion for preliminary injunction. Plaintiffs intend to file a motion for preliminary injunction imminently and seek relief as soon as possible given the severe ongoing voter confusion and risk of disenfranchisement caused by Secretary Allen's Purge Program.

Accordingly, Plaintiffs request that this Court grant limited expedited discovery necessary for rigorous evaluation of the likelihood of success on the merits and the public interest in enjoining Secretary Allen's Purge Program (described below). Specifically, Plaintiffs seek:

(1) The list of at least 3,251 people[1] whom Secretary Allen has subjected to the Purge Program (the Purge List), including, for each person: (A) the name of the agency that possessed information leading to the individual's inclusion on the Purge List (the originating agency), (B) the date that the originating agency received information that led to the individual's inclusion on the Purge List, (C) the individual's current voter registration status, including whether

---

[1] The identifying information for the people on the Purge List should include all information kept within the Alabama voter file but, at minimum, full name, residential address, mailing address (if different), date of birth, phone number (if available), voter ID number, any associated state-issued ID numbers (such as driver's license number), date of registration, and race (if available).

2

(i) currently inactive but not canceled, (ii) re-registered, (iii) canceled at the individual's request, or (iv) canceled by Defendants, and (D) date of the last change in the individual's current voter registration status;

(2) the Alabama voter file snapshot for August 13, 2024, and a current Alabama voter file snapshot and the date on which that snapshot was taken;

(3) any and all memoranda, policies, reports, data, summaries, correspondence, or similar documents relating to the development of the Purge Program;

(4) any and all memoranda, policies, reports, data, summaries, correspondence, or similar documents relating to the development of the Purge List, including any and all data files provided by the Alabama Law Enforcement Agency, the Alabama Department of Labor, and any other federal, state, or local governmental agency that provided data for the development of the Purge List;

(5) any and all instructions, guidance, memoranda, policies, reports, data, summaries, training, correspondence, or similar documents developed by the Secretary of State and sent to Boards of Registrars in implementation of the Purge Program;

(6) any and all memoranda, policies, reports, data, summaries, correspondence, or similar documents relating to the development of notice

letters and enclosures sent by Defendants to registered voters on the Purge List; and

(7) 3-hour depositions pursuant to Fed. R. Civ. P. 30(b)(6) of the Office of the Secretary of State; the Office of the Attorney General; the Elmore, Jefferson, Lee, and Madison County Boards of Registrars; the Alabama Law Enforcement Agency; and the Alabama Department of Labor.[2]

This narrowly tailored request will facilitate this Court's evaluation of the Purge Program on the attenuated timeline necessitated by the short time until voter registration closes on October 21, 2024, and the general election occurs on November 5.[3]

## BACKGROUND

On August 13, 2024, Alabama Secretary of State Wes Allen announced that he had identified 3,251 registered voters who had purportedly previously been issued noncitizen identification numbers, and that he was implementing steps to purge these voters from the rolls (the Purge Program). Secretary Allen admitted the virtual certainty that naturalized citizens were on the Purge List but nevertheless directed

---

[2] These shorter, targeted depositions would be only for the limited purpose of expedited discovery. By requesting these targeted depositions for expedited discovery, Plaintiffs do not waive further, lengthier depositions as the litigation progresses.

[3] Plaintiffs emailed Secretary Allen's general counsel as to the Secretary's position; the Secretary's Office opposes this motion. Plaintiffs filed their complaint on Friday, September 13, Dkt. 1, and emailed a copy to Secretary Allen's general counsel that evening. Plaintiffs will provide this motion via email as well. Plaintiffs are currently in the process of effectuating service of the complaint on all Defendants and will effectuate service of this motion as expeditiously as possible.

4

the immediate inactivation of the registrations of all voters on the list and referred all voters to the Attorney General for criminal investigation. Secretary Allen created the Purge List based on information regarding noncitizen identification numbers that he obtained from state agencies. Based on public reporting and the experience of Plaintiffs, Secretary Allen used information from at least two state agencies, the Alabama Law Enforcement Agency and Alabama Department of Labor, to create the Purge List. As Plaintiffs' experiences demonstrate, Secretary Allen used outdated and error-riddled data to create the Purge List.

As a result of the Purge Program, all voters on the Purge List have been or will be sent a threatening notice advising them to complete a voter removal request form to "become compliant with state and federal law requirements." In the same letter, voters are advised that if they are U.S. citizens, they must complete a new voter registration form and provide their Alabama driver's license number, their Alabama non-driver identification number, or the last four digits of their Social Security number (the Re-Registration Process) before they may vote in the 2024 general election or in future elections. The Voter Registration Form sent to voters on the Purge List states prominently that voters may not register "during the 14 days prior to each election in Alabama."[4]

---

[4] State of Alabama Voter Registration Form, *available at* https://www.sos.alabama.gov/sites/default/files/voter-pdfs/nvra-2.pdf.

Plaintiffs American Coalition for Immigrant Justice, League of Women Voters of Alabama, and Alabama NAACP requested information from Secretary Allen regarding the Purge List and Purge Program on August 19, 2024, pursuant to the National Voter Registration Act (NVRA). Dkt. 1-2 (Plaintiffs' NVRA letter to Secretary Allen). Secretary Allen has to date failed to produce *any* responsive information. *See* Dkt. 1-3 (response from Secretary Allen's general counsel).

## ARGUMENT

This Court has broad discretion to manage the timing of discovery, especially where a request for a preliminary injunction provides good cause not to wait until the Rule 26(f) conference to serve discovery requests. *See SA&H Ala. Holding, LLC v. Shoemaker*, No. 5:23-cv-01519, 2023 WL 9105651, at *1 (N.D. Ala. Nov. 28, 2023) ("Because of the expedited nature of injunctive proceedings, expedited discovery is more likely to be appropriate when a plaintiff is seeking a preliminary injunction." (quoting *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021))); *Fimab-Finazaria Maglificio Biellese Fratelli Fila S.P.A. v. Helio Import/Export Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983) ("Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time."); Fed. R. Civ. P. 26(d)(1) (permitting deviation from ordinary discovery schedule when "authorized . . . by court order"); *id.*, Advisory Committee Notes ("Discovery can begin earlier if authorized . . . by . .

6

. order . . . . This will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . ."); Fed. R. Civ. P. 30(a)(2), 33(a), 33(b)(2), and 34(b).

In evaluating "whether a party has shown good cause for expedited discovery, courts frequently consider some combination of the following factors," *SA&H Ala. Holding*, 2023 WL 9105651, at *1 (quoting *Mullane*, 339 F.R.D. at 663):

> (1) whether a motion for preliminary injunction is pending;
> (2) the breadth of the requested expedited discovery;
> (3) the reasons the moving party is requesting expedited discovery;
> (4) the burden on the opponent to comply with the request for expedited discovery;
> (5) whether the information sought expeditiously could be obtained more efficiently from some other source;
> (6) the extent to which the discovery process would be expedited; and
> (7) whether a motion to dismiss for failure to state a claim is pending.

*Id*. Here, all factors weigh in favor of expedited discovery.[5]

---

[5] Courts in this Circuit generally require a showing of good cause, but courts have also recognized that "some courts require movants to make a showing similar to that required for a preliminary injunction." *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310, 2008 WL 927558, at *1 n.3 (M.D. Fla. Apr. 4, 2008); *SA&H Ala. Holding*, 2023 WL 9105651, at *1 ("Some courts have required litigants to establish the four *Notaro* factors: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.") (cleaned up). However, "where . . . a plaintiff seeks expedited discovery in order **to prepare for a preliminary injunction hearing**, it does not make sense to use preliminary injunction analysis factors to determine the propriety of an expedited discovery request." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000) (emphasis in original).
   If this Court finds that a preliminary injunction test is the appropriate one to apply to this motion, Plaintiffs respectfully request that Plaintiffs' anticipated motion for preliminary injunction—which will address those factors—be incorporated by reference in, and considered by the Court in deciding, this request.

I. **Plaintiffs' Request for Expedited Discovery Is Reasonable and Supported by Good Cause.**

Plaintiffs' request for expedited discovery is reasonable because Plaintiffs intend to seek a preliminary injunction in short order. Plaintiffs seek expedited discovery now in order to obtain additional facts directly relevant to that preliminary injunction motion as quickly as practicable, so that the Court may consider them in deciding the motion. *See Doe v. Samford Univ.*, No. 2:21-cv-00871, 2021 WL 3403517, at *3-4 (N.D. Ala. July 30, 2021) (granting expedited discovery in light of attenuated timeline for preliminary injunction).

The need for expedited discovery and associated preliminary injunctive relief is urgent because of the brief time until the 2024 general election: the voter registration deadline for the 2024 general election is October 21, 2024.[6] Courts routinely grant expedited discovery in cases involving voting and electoral issues—recognizing the need for fact-finding on an attenuated time frame. *E.g.*, *People First of Ala. v. Merrill*, 491 F. Supp. 3d 1076, 1143-44 (N.D. Ala. 2020) ("[G]iven the important issues this case presents regarding voting in an upcoming election, the court exercised its 'broad discretion over the management of pre-trial activities, including discovery and scheduling, to enter an accelerated discovery schedule[.]'"

---

[6] Ala. Sec'y of State, *Voter Guide 2024*, at 1, *available at* https://www.sos.alabama.gov/sites/default/files/2024%20Voter%20Guide.pdf.

(quoting *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001))); *Common Cause Ga. v. Kemp*, 347 F. Supp. 3d 1270, 1301 (N.D. Ga. 2018).

Expedited discovery is also reasonable due to the secrecy of Secretary Allen's Purge Program and Plaintiffs' inability to obtain the information they seek elsewhere. Secretary Allen has not provided, either publicly or to Plaintiffs, the Purge List, information on the Purge Program's development, or information on the Purge Program's implementation. This evidence as to the Purge Program's development and implementation is important for evaluation of Plaintiffs' preliminary injunction motion, both as to likelihood of success on the merits and as to irreparable harm. Only Defendants, not Plaintiffs or the Court, possess information as to the full contours of the Purge Program, such as (for example) the full Purge List and the nature of verification required by the Re-Registration Process.

In fact, Plaintiffs American Coalition for Immigrant Justice, League of Women Voters of Alabama, and Alabama NAACP requested information from Secretary Allen regarding the Purge List and Purge Program on August 19, 2024, under the NVRA's Public Disclosure Provision. Dkt. 1-2 (Plaintiffs' NVRA letter to Secretary Allen); 52 U.S.C. § 20507(i). The Eleventh Circuit recently held that the requested records, including individualized lists of voters affected by list maintenance policies like the Purge Program, fall squarely within the Public Disclosure Provision of the NVRA. *Greater Birmingham Ministries v. Sec'y of State*

9

*for Ala.*, 105 F.4th 1324, 1330-32 (11th Cir. 2024). Secretary Allen has failed to produce *any* responsive information in the twenty-nine days since Plaintiffs' NVRA letter. *See* Dkt. 1-3 (response from Secretary Allen's general counsel). Due to Defendants' ongoing failure to provide documents as required under the NVRA, expedited discovery is even more necessary. Plaintiffs have attempted to avail themselves of this alternate route to obtain information on the Purge Program and Purge List, unsuccessfully, and have no other means to obtain information about the Purge Program and Purge List directly relevant to Plaintiffs' core claims and needed on an urgent basis, save expedited discovery.

## II.     Plaintiffs' Request for Expedited Discovery Is Narrowly Tailored.

The limited expedited discovery that Plaintiffs request is reasonable in scope and directly related to the claims upon which Plaintiffs intend to move for an injunction.

The discovery Plaintiffs are seeking on an expedited basis is not burdensome. Plaintiffs seek documents relating to the creation and implementation of the Purge Program. These documents are already in Defendants' possession and should not require an extensive search. The limited expedited Rule 30(b)(6) depositions that Plaintiffs seek are minimally intrusive. The requested discovery is also directly related to evidence Plaintiffs hope to present at an evidentiary hearing on their anticipated motion for preliminary injunction. Both the requested documents and the

requested limited depositions will shed important light on the development and implementation of the Purge Program that is important for this litigation—particularly given the attenuated and dwindling time until the voter registration deadline in Alabama on October 21 and the general election on November 5 (only 49 days away).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion for expedited discovery.

Date: Sept. 17, 2024

Respectfully submitted,

/s/ *Joseph Mitchell McGuire*
Joseph Mitchell McGuire (ASB-8317-S69M)
MCGUIRE & ASSOCIATES, LLC
31 Clayton Street
Montgomery, Alabama 36104
334-517-1000 Office
334-517-1327 Fax
jmcguire@mandabusinesslaw.com

/s/ *Michelle Kanter Cohen*
Michelle Kanter Cohen (D.C. Bar No. 989164)*
Nina Beck (WI State Bar No. 1079460)*
Jon Sherman (D.C. Bar No. 998271)*
FAIR ELECTIONS CENTER
1825 K St. NW, Ste. 701
Washington, D.C. 20006
(202) 331-0114
mkantercohen@fairelectionscenter.org

/s/ *Danielle Lang*
Danielle Lang*
Brent Ferguson*
Kathryn Huddleston*
Kate Hamilton*
Shilpa Jindia*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
khuddleston@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
sjindia@campaignlegalcenter.org

nbeck@fairelectionscenter.org
jsherman@fairelectionscenter.org

/s/ *Ellen Degnan*
Ellen Degnan, ASB 3244I12V
Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL 36104
(334) 313-0702
ellen.degnan@splcenter.org

/s/ *Jess Unger*
Bradley Heard*
Sabrina Khan*
Jess Unger*
Southern Poverty Law Center
1101 17th Street NW
Suite 550
Washington, DC 20036
bradley.heard@splcenter.org
sabrina.khan@splcenter.org
jess.unger@splcenter.org

*Motions for admission or pro hac vice participation forthcoming.*

/s/ Ahmed Soussi
Ahmed Soussi*
Southern Poverty Law Center
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
ahmed.soussi@splcenter.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024, I caused a PDF version of the foregoing document to be electronically transmitted to the Clerk of the Court, using the CM/ECF System for filing, and caused transmittal of a Notice of Filing to all CM/ECF registrants.

<u>/s/ <em>Ellen Degnan</em></u>