UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA COALITION FOR IMMIGRANT JUSTICE, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No.: 2:24-cv-01254-AMM |
| WES ALLEN, in his official capacity as Alabama Secretary of State, *et al.*, | ) ) ) ) | |
| *Defendants*. | ) ) | |

## <u>RESPONSE TO MOTION FOR EXPEDITED DISCOVERY (DOC. 5)</u>

Plaintiffs seek expansive, burdensome discovery before any defendant has responded to their complaint. They do so without even explaining why they need it, saying only in the most general fashion that it "will shed important light" on the challenged program and that it is "important for this litigation." Put simply, Plaintiffs' conclusory arguments have come nowhere close to showing that good cause exists to require expedited discovery. The Court should deny their motion.

## I.    Legal Standard

Expedited discovery "is highly disfavored." *Socal Dab Tools, LLC v. Venture Technologies, LLC*, 2022 WL 19977793 at *1 (M.D. Ala. April 25, 2022). Normally, discovery may not begin before the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). A district court may expedite discovery only in exceptional circumstances

and upon a showing of good cause. *SA&H Alabama Holding, LLC v. Shoemaker*, 2023 WL 9105651 at *1 (N.D. Ala. Nov. 28, 2023); *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021) ("Expedited discovery is not the norm. Thus, expedited discovery should be granted only in exceptional circumstances.") (citations and quotation marks omitted). In deciding whether a party has shown good cause, trial courts typically consider the following factors:

(1) whether a motion for preliminary injunction is pending;

(2) the breadth of the requested expedited discovery;

(3) the reasons the moving party is requesting expedited discovery;

(4) the burden on the opponent to comply with the request for expedited discovery;

(5) whether the information sought expeditiously could be obtained more efficiently from some other source;

(6) the extent to which the discovery process would be expedited; and

(7) whether a motion to dismiss for failure to state a claim is pending.

*Shoemaker*, 2023 WL 9105651 at *1 .

While Plaintiffs have filed a preliminary injunction motion, every other factor weighs overwhelmingly against granting their request for expedited discovery. Plus, a subset of the documents they seek is readily available to Plaintiffs through other means. Accordingly, the Court should deny Plaintiffs' motion.

II.     **Argument**

This case concerns what Plaintiffs mischaracterize as a "purge program," but which in fact is simply a process to confirm the citizenship of persons on Alabama's voter list who indicated to a State agency that they were not citizens.

As will be made in clear in Defendants' forthcoming motion to dismiss, Alabama Secretary of State Wes Allen determined that 3,251 persons on Alabama's voting list indicated to the Alabama Law Enforcement Agency or the Alabama Department of Labor that they were not citizens. Contrary to Plaintiffs' hyperbolic allegations, these persons were not removed from the voting lists. Secretary Allen's office instructed the Registrars to change the status of voters on the list from Active to Inactive.  The details will be set out in a forthcoming declaration, but the bottom line is that to be made Active, all these voters need to do is what two of the individual Plaintiffs have already done: update their voter registration. They can do so online, by sending in a form by mail, or (unlike a voter who has actually been removed from the list) at the polls on Election Day by filling out a simple form. They are not required to provide proof of citizenship. The only persons on the list who are no longer eligible to vote on Election Day as a result of the noncitizen letters are those who filled out a form affirmatively asking to be removed from the voter registration lists. In short, nothing about the challenged program will prevent anyone on the list

who is a U.S. citizen from voting, whether in person or absentee, regardless of where they were born.

### A. Whether a motion to dismiss is pending

With that background in mind, Defendants will start with the last factor listed: whether a motion to dismiss is pending. Defendants will file their motion as soon as October 2, 2024. They intend to move on grounds that no Plaintiff has suffered an injury that supports standing. Defendants also intend to argue that Plaintiffs failed to state a claim against the Attorney General, who has done nothing more than say that persons who violate the law will be prosecuted. Plaintiffs have also failed to state a claim because they have not (and will not) face any burden that will prevent them from voting and because no person has been involuntarily removed from the rolls.

"Because discovery typically occurs after the resolution of motions to dismiss, presenting a motion for expedited discovery prior to rulings on motions to dismiss is often disfavored." *Attkisson v. Holder*, 113 F. Supp. 3d 156, 165 (D.D.C. 2015) (citations omitted). The issues raised in Defendants' forthcoming motion to dismiss should be resolved before the parties engage in expensive discovery:

> Indeed, most important for the Court's reasonableness analysis is the pendency of defendants' motion to dismiss. This means that plaintiffs' request for expedited discovery comes "well in advance of typical discovery." It also means that requiring defendants (who have raised several arguments as to why plaintiffs' complaint should be dismissed) to expend significant resources in responding to plaintiffs' discovery

4

> requests would be unjust—even more so because plaintiffs' discovery
> requests go to the merits of the dispute. For example, if the Court were
> to grant plaintiffs' discovery motion, and then grant defendants' motion
> to dismiss for failure to state a claim, defendants would have been
> forced to expend significant resources responding to discovery requests
> in a case where plaintiffs did not have a viable cause of action.

*Guttenberg v. Emery*, 26 F. Supp. 3d 88, 99 (D.D.C. 2014) (citations omitted).

Indeed, in this Circuit, "[f]acial challenges to the legal sufficiency of a claim or

defense, such as a motion to dismiss based on failure to state a claim for relief,

should, however, be resolved before discovery begins." *Chudasama v. Mazda Motor*

*Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

Defendants should not be put through expensive and burdensome discovery

until their motion to dismiss is resolved.

### B. The breadth of the requested expedited discovery

"[C]ourts are unlikely to find good cause for expedited discovery when the

movant seeks broad or unlimited discovery." *Mullane*, 339 F.R.D. at 664. Plaintiffs

appear to have made no effort to narrowly tailor the discovery they seek on an

expedited basis. Instead, they've immediately sought everything a party might want

throughout an entire case. This sharply cuts against any finding that expedited

discovery is warranted here. *See Ayaya, Inc. v. Acumen Telecom Corp.*, 2011 WL

9293 at *2 (D. Colo. Jan. 3, 2011) ("In this case, the requested discovery is not

limited or narrowly tailored, but is sweeping in its scope. It seeks essentially all

discovery which may be allowed during ordinary discovery on the merits of the plaintiff's claims."); *Mullane*, 339 F.R.D. at 664 ("In this case, Plaintiff has placed no limitation on the discovery he seeks and has not proposed a set of narrowly-tailored discovery requests. Thus, it appears Plaintiff seeks broad expedited discovery from Defendants completely unlimited in scope.").

The most glaring example is their request for <u>seven</u> Rule 30(b)(6) depositions, including of two agencies which are not parties (the Alabama Law Enforcement Agency and the Alabama Department of Labor). It is difficult to estimate how much time would be needed to prepare seven witnesses to testify about not only what they know, but about all information within the organizations concerning the topics on the notice. *See* Fed. R. Civ. P. 30(b)(6) ("The persons designated must testify about information known or reasonably available to the organization.") The topics (provided on September 25, 2024, see Exhibit 1) are exceptionally broad, covering essentially all information concerning the challenged process. Thus, to prepare the 30(b)(6) representatives to testify for the organizations, state attorneys would have to ascertain all information available to the entire organization and ensure that the witnesses have that information at their fingertips. "[D]efendant would have minimal time to collect and review the information and prepare a representative on the expansive topics requested by Plaintiffs." *Socal Dab Tools*, 2022 WL 19977793 at *3.

And along with the burdensome depositions, Plaintiffs seek every conceivable document that is in any way "relating to" the program. The volume of documents this request was designed to capture clearly shows Plaintiffs made no effort to narrowly tailor their requested materials and that their motion should be denied. *Digital Assurance Cert., LLC v. Pendolino*, 2017 WL 715152, at * 4 (denying plaintiff's motion for expedited discovery and finding requests for "all documents reflecting or relating to" several categories went "far beyond" what was necessary to resolve time-sensitive dispute); *Western Resources, Inc. v. Union Pacific Railroad Co.*, 2001 WL 1718368, *3 (D.Kan.2001) (noting that the "use of a broad term such as 'relate to' provides no basis upon which a party can reasonably determine what documents may or may not be responsive"). Moreover, for each of the 3,251 registered voters on the list, they seek the voter's entire voting status and the date that ALEA or the Department of Labor received information that the voter may not be a citizen.

Defendants are "hard pressed to define the outer boundary of [Plaintiffs'] requests." *Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc.*, 231 F.R.D. 418, 420 (D. Colo. 2003) (denying expedited discovery). The unlimited scope of the discovery weighs strongly against expediting.

### C. *The reasons the moving party is requesting expedited discovery*

Defendants and the Court are left to guess why Plaintiffs seek such expansive discovery. Plaintiffs never explain why what they request is necessary for the Court to resolve the preliminary injunction motion. Instead, they say only that it "will shed important light on the development and implementation" of the challenged process. (Doc. 5 at 11). But missing from Plaintiffs' motion is any *fact* showing a real need for that information. This type of general, conclusory statements cannot establish good cause. *Ayaya, Inc.*, 2011 WL 9293 at *3 ("Absent from the grounds supporting the motion is any factual showing of a real need for expedited discovery.").

Plaintiffs never explain, for example, why they would possibly need two copies of the entire voter registration database, containing the personal information of more than three million people. And even if the databases were relevant and appropriate for disclosure here, Plaintiffs do not explain why they need it *now*. In short, this factor weighs against expedited discovery.

### D. *The burden on the opponent to comply with the request for expedited discovery*

As discussed above, the breadth of Plaintiffs' request is virtually unlimited. The burden on Defendants is correspondingly high.

The documents Plaintiffs seek would have to be located, reviewed, and perhaps redacted. Defendants must have time to lodge appropriate objections and prepare privilege logs if required. And seven Rule 30(b)(6) representatives would have to be identified and prepared to testify for their organizations on the deposition topics. All this while Defendants are working to respond to Plaintiffs' complaint and preliminary injunction motion. The severe burden on the Defendants weighs strongly against expedited discovery. *See Socab Dab Tools*, 2022 WL 19977793 at * 3 (finding that broad discovery on an expedited basis "places a heavy burden on Defendant.")

### E. Whether the information sought expeditiously could be obtained more efficiently from some other source

Defendants are not aware of another source for what Plaintiffs seek, but there are other avenues for what are arguably the most relevant documents.

On August 19, 2024, a group of organizations that includes the organizational Plaintiffs demanded records from the Secretary of State under the National Voter Registration Act. On September 24, 2024, the Secretary of State's office responded that it was prepared to produce certain responsive documents on the terms required by the NVRA, namely, certain documents that were produced to the Department of Justice. Such documents include guidance given to Registrars and templates of the letters provided to affected voters. The parties continue to discuss the matter, with

the latest letter from Plaintiffs disagreeing with the Secretary's position on reasonable costs.  *See* Correspondence attached as Exhibits 2-4.

Further, Defendants will respond to Plaintiffs Preliminary Injunction motion in just a few days. We expect to submit exhibits that will include relevant materials sufficient to demonstrate what is – and isn't – happening in the challenged process.

### F. The extent to which the discovery process would be expedited

Plaintiffs seek burdensome discovery before Defendants' Motion to Dismiss is resolved and before the parties have held a Rule 26(f) scheduling conference. This is well in advance of the normal timeline, and this factor therefore likewise weighs against Plaintiffs.

*   *   *

Plaintiffs have filed a motion for preliminary injunction, but all other factors weigh against expediting discovery, particularly when the discovery sought is so burdensome and Plaintiffs have not shown that the discovery is necessary to resolve the pending motion. Their motion should be denied.

*Respectfully Submitted,*

Steve Marshall
  *Attorney General*

/s/ James W. Davis
James W. Davis (ASB-4063-I58J)
Robert M. Overing (ASB-8736-M14Q)
  *Deputy Attorneys General*
Misty S. Fairbanks Messick (ASB-1813-T71F)
Scott Woodard (ASB-1001-F94C)
  *Assistant Attorneys General*
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 3538400
Jim.Davis@AlabamaAG.gov
Robert.Overing@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Scott.Woodard@AlabamaAG.gov

**Counsel for the Defendants**

## CERTIFICATE OF SERVICE

I certify that on September 26, 2024, I electronically filed the above document with the Clerk of Court using the ECF system, which will provide electronic copies to counsel of record.

/s/ *James W. Davis*
James W. Davis

11