







September 24, 2024

Secretary Wes Allen
Alabama Secretary of State
P.O. Box 5616
Montgomery, AL 36103-5616

**Re:   Supplemental Notice of Violation of National Voter Registration Act and Demand for Remediation and Documents**

*VIA E-MAIL*

Dear Secretary Allen:

We write in response to your general counsel's September 20 follow-up letter in response to our August 19 letter requesting certain public records relating to Alabama's list maintenance program, as initially announced by your office on August 13, 2024. Pursuant to 52 U.S.C. § 20510(b)(2), we hereby advise you that your office's continuing refusal to provide the records requested in our August 19 letter violates Alabama's obligations under Section 8(i) of the National Voter Registration Act ("NVRA"). We give you this notice without prejudice to and strictly reserving (1) our rights to request all or part of this information in connection with civil discovery in any ongoing litigation among the parties,[1] and (2) any other claims that may be available to us under federal or state law.

As an initial matter, your office's provision to us of the web link for purchasing electronic copies of the entire Alabama statewide voter registration database is not responsive to our records request, nor is it compliant with the NVRA. Our request was for specific information relating to the 3,251 registered voters identified as potential noncitizens in your August 13, 2024, announcement. It matters not whether

---

[1] For example, this notice is independent from the discovery requests made by Plaintiffs in *Alabama Coalition for Immigrant Justice v. Allen*, 2:24-cv-01254.

Alabama law specifically authorizes production of that information since, as your office admits, Section 8(i) of the NVRA requires such information to be made available for public inspection and photocopying. That requirement supersedes and preempts any contrary provision of Alabama law.[2]

Your office next contends that "[t]he requested individualized voter records are not maintained in a format that makes them available for photocopying." We understand that the statewide voter registration database is an electronic database—hence our request that the requested information be provided to us electronically, as that would be the easiest and cheapest way to do so. If the state nevertheless refuses to provide us with those electronic records, as requested, then it must make the information relating to those 3,251 registered voters available to us in hardcopy. Surely, your office cannot seriously be contending that it is impossible to print out paper copies of the information contained in the statewide voter registration database relating to individual registered voters. Indeed, you have already provided this information to the Department of Justice—including the Purge List.

With respect to the cost of photocopying relating to information falling under the ambit of Section 8(i), we note that the NVRA requires such costs to be "reasonable" under the circumstances. In 2024, a cost of $1 per page for photocopying is not reasonable—especially when your office can make the records available to us electronically, as we requested, for virtually no cost but instead chooses of its own accord to make photocopies.

To remedy the above-noted violations, we request that, within 20 days of the date of this letter, your office either (1) produce electronic copies of all responsive information relating to our August 19 request in a manner and format to be agreed upon by us in advance of production, or (2) make all such responsive records available for public inspection and photocopying at a *reasonable* cost.

We appreciate your attention to the above and look forward to your reply.

Sincerely,

/s/ Bradley E. Heard
Bradley E. Heard, Deputy Legal Director, Voting Rights
Sabrina Khan, Senior Supervising Attorney
Jess Unger, Senior Staff Attorney
Southern Poverty Law Center

---

[2] Similarly, any state-created procedure, such as the attachment included with your September 20 response, that unreasonably inhibits the ability of individuals to undertake public inspection or copying of information covered by Section 8(i) of the NVRA conflicts with and frustrates the purpose of the NVRA.

2

1101 17th Street NW, Suite 550
Washington, DC 20036
bradley.heard@splcenter.org
sabrina.khan@splcenter.org
jess.unger@splcenter.org

Danielle Lang, Senior Director, Voting Rights
Kate Huddleston, Senior Legal Counsel
Valencia Richardson, Legal Counsel
Shilpa Jindia, Legal Fellow
Campaign Legal Center
1411 K Street NW, Suite 1400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegal.org
khuddleston@campaignlegal.org

Michelle Kanter Cohen, Policy Director & Senior Counsel
Nina G. Beck, Counsel
Fair Elections Center
1825 K St. NW, Ste. 701
Washington, D.C. 20006
(202) 331-0114
mkantercohen@fairelectionscenter.org
nbeck@fairelectionscenter.org

*Counsel for Alabama Coalition for Immigrant Justice, League of Women Voters of Alabama, Leage of Women Voters of Alabama Education Fund, and the Alabama State Conference of the NAACP*


/s/ Stuart Naifeh
Stuart Naifeh
Uruj Sheikh, Equal Justice Works Fellow
Legal Defense Fund
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org
usheikh@naacpldf.org

3