IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALABAMA COALITION FOR IMMIGRANT JUSTICE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WES ALLEN, in his official capacity as Alabama Secretary of State, *et al.*, <br><br> Defendants. | Case No. 2:24-cv-1254 (AMM) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF ALABAMA and WES ALLEN, in his official capacity as Alabama Secretary of State, <br><br> Defendants. | Case No. 2:24-cv-1329 (AMM) |

### [PROPOSED] PRELIMINARY INJUNCTION

Upon consideration of the United States' Motion for a Preliminary Injunction, ECF No. \_\_\_\_, and all responses and replies thereto, the United States's motion is **GRANTED**.

The Court hereby finds and concludes that:

i. The United States is likely to establish that the State of Alabama and the Alabama Secretary of State (the Secretary of State) have violated the Quiet Period Provision, Section 8(c)(2) of the NVRA, 52 U.S.C. § 20507(c)(2), by commencing a "Process to Remove Noncitizens Registered to Vote in Alabama" (the Program), a systematic program intended to remove the names of ineligible voters from registration lists based on failure to meet initial eligibility requirements, less than 90 days before a general election for federal office.

ii. Because the Program modified voter registration lists on a basis other than registrants' requests for removal, criminal conviction or mental incapacity, or death, the Program was subject to the Quiet Period Provision. *See* 52 U.S.C. § 20507(c)(2)(B); *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1344-45 (11th Cir. 2014).

iii. Because the Program targeted alleged noncitizens for removal from voter registration lists, the Program was intended to remove "ineligible voters" from the official lists of eligible voters for purposes of the Quiet Period Provision. 52 U.S.C. § 20507(c)(2)(B); *see also Arcia*, 772 F.3d at 1344.

iv. Because the Program relied upon large, computerized data-matching processes, the Program was "systematic" for purposes of the Quiet Period Provision. 52 U.S.C. § 20507(c)(2)(B); *see also Arcia*, 772 F.3d at 1345.

v. Because the Program placed voters in inactive status, which initiates a path to removal absent voter contact within two federal election cycles, the "purpose" of the Program was to "remove the names of . . . voters from the official lists of eligible voters" for purposes of the Quiet Period Provision. 52 U.S.C. § 20507(c)(2)(B); *see also Arcia*, 772 F.3d at 1339, 1345.

vi. Because the Program was announced on August 13, 2024—84 days before the November 5, 2024, general election for federal office—and implementation continued during subsequent weeks, the Program was not completed 90 days prior to the date of a general election for Federal office for purposes of the Quiet Period Provision. *See* 52 U.S.C. § 20507(c)(2)(B).

vii. The United States and U.S. citizens in Alabama are likely to suffer irreparable harm in the absence of preliminary relief.

viii. The balance of equities favors a preliminary injunction.

ix. A preliminary injunction is in the public interest.

Accordingly, it is hereby **ORDERED** that:

1. The State of Alabama and the Secretary of State, along with their agents and successors in office and all persons acting in concert with them, are enjoined from commencing or continuing any systematic program intended to remove the names of ineligible voters from registration lists less than 90 days before a federal primary or general election, although this does not preclude

removal of names from the official list of voters at the request of the registrant, by reason of criminal conviction or mental incapacity (as provided by State law), or by reason of the death of the registrant.

2. The State of Alabama and the Secretary of State, along with their agents and successors in office and all persons acting in concert with them, are further enjoined from contacting voters identified through a systematic process less than 90 days before a federal primary or general election to direct or urge such voters to submit requests for removal from the official list of eligible voters.

3. Within seven days of this Order, the State of Alabama and the Secretary of State, along with their agents and successors in office and all persons acting in concert with them, are hereby ordered to restore to active status the voter registration records of registrants inactivated as part of the Program, so long as those individuals did not subsequently submit a voter removal request.

4. Within seven days of this Order, the State of Alabama and the Secretary of State, along with their agents and successors in office and all persons acting in concert with them, are further ordered to provide a remedial mailing to each registrant inactivated as part of the Program who did not subsequently submit a voter removal request:

    a. Informing the registrant that they have been restored to active status;

  b. Explaining that the registrant may cast a regular ballot on Election Day in the same manner as other eligible voters;

  c. Advising the registrant that inclusion in the Noncitizen Removal Program does not establish that they are ineligible to vote or subject to criminal prosecution for registering to vote or for voting; and

  d. Advising registrants who are not U.S. citizens that they remain ineligible to cast a ballot in Alabama elections.

 5. Within seven days of this Order, the State of Alabama and the Secretary of State, along with their agents and successors in office and all persons acting in concert with them, are further ordered to provide a remedial mailing to each registrant inactivated as part of the Program who subsequently submitted a voter removal request without conceding ineligibility, advising these individuals that if they are U.S. citizens and otherwise meet voter qualifications, they have the right to vote and are encouraged to re-register.

 6. Within seven days of this Order, the State of Alabama and the Secretary of State, along with their agents and successors in office and all persons acting in concert with them, are further ordered to make all reasonable and practicable efforts to educate county officials, poll workers, and the general public concerning the cessation of the Program, the restoration of impacted voters to active status, and the ability of impacted voters to cast a regular ballot without

submitting supplemental paperwork or documentation.  Such efforts shall include the tracking of poll worker training in all 67 counties concerning cessation of the Program and the remedial actions required by this Order.

7.     The State of Alabama and the Secretary of State shall submit a report to this Court within seven days detailing efforts to achieve compliance with this Order.  Thereafter and until the November 5, 2024, general election, Defendants shall submit a supplemental report every seven days detailing further efforts to achieve compliance with this Order.

**SO ORDERED.**


Dated: _____, 2024

                                                                   HON. ANNA M. MANASCO
                                                                   UNITED STATES DISTRICT JUDGE