IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALABAMA COALITION FOR IMMIGRANT JUSTICE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WES ALLEN, in his official capacity as Alabama Secretary of State, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-1254 (AMM) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF ALABAMA and WES ALLEN, in his official capacity as Alabama Secretary of State,<br><br>Defendants. | Case No. 2:24-cv-1329 (AMM) |

**REPORT OF THE PARTIES' PLANNING MEETING**

1

1. Synopsis of the Case: On August 13, 2024—84 days before the November 5, 2024, federal general election—the State of Alabama announced a "Process to Remove Noncitizens Registered to Vote in Alabama" (the Process).

    The Alabama Coalition for Immigrant Justice, the League of Women Voters of Alabama, the League of Women Voters of Alabama Education Fund, the Alabama State Conference of the NAACP, Roald Hazelhoff, James Stroop, Carmel Michelle Coe, and Emily Jortner (collectively the Private Plaintiffs) sued State Defendants after Alabama Secretary of State Wes Allen announced 84 days before the general election a program directing the purging of 3,251 individuals from the voter rolls (the Purge Program). Private Plaintiffs allege that the Purge Program is unlawful for several reasons. The Purge Program by design targets and predictably sweeps in naturalized citizens because it by design targets for removal individuals who had *ever* been noncitizens. Thus, the Purge Program violates 52 U.S.C. § 20507(b)(1) and the Fourteenth Amendment's Equal Protection Clause as discrimination based on citizenship status and national origin. Further, the Purge Program's list of voters to be purged is based on flawed, inaccurate data. The Purge Program also violates the Fourteenth Amendment's Equal Protection Clause as arbitrary and disparate treatment and violates the First and Fourteenth Amendments as an undue burden on the right to vote. Secretary Allen, along with Alabama Attorney General Steve Marshall and the Alabama county Boards of Registrars (including named Defendants), implement the Purge Program. They did so within 90 days of the 2024 general election, in violation of 52 U.S.C. § 20507(c)(2)(A), and the Purge Program fails to "ensure that any eligible applicant is registered to vote in an election" if their application meets registration requirements, in violation of 52 U.S.C. § 20507(a)(1). Finally, Secretary Allen publicly announced his referral of all voters on the Purge Program's list for investigation and potential prosecution, and statements and conduct by all Defendants in implementation of the Purge Program intimidate and threaten eligible Alabama voters and have the effect of chilling eligible voters, particularly naturalized citizens, in voting and participating in the democratic process.

    The United States alleges that within 90 days of a federal election, State Defendants implemented a program that relied on outdated and inaccurate state records to flag 3,251 individuals as noncitizens to be removed from the voter rolls, a list that included thousands of natural-born or naturalized U.S. citizens. As a result, this program violated the Quiet Period Provision,

2

Section 8(c)(2) of the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. § 20507(c)(2).

The State Defendants[1] contend that noncitizens are not eligible to vote in elections held in Alabama and the United States failed to adequately assist the State in identifying noncitizens registered to vote in the State. The 2024 noncitizen letter process was an attempt to eventually remove noncitizens from the State's voter registration rolls. While the Court preliminarily enjoined that process on the United States' motion, the injunction has now expired. Nonetheless, the 2024 process has not been restarted. The Secretary's office intends to implement a different, as yet undesigned, process this year. It is reasonably likely that, in designing the new process, the Secretary's office will consider which data sources to rely upon and the currency of data, among other things. Changes to the process may impact the viability of some or all of Private Plaintiffs' claims and the United States' claim. Meanwhile, for the reasons detailed in the pending motion to dismiss, the Private Plaintiffs lack standing, additionally lack standing to sue the Secretary of State and Attorney General, have failed to state a claim, and have filed an impermissible shotgun complaint. As to the 90-day bar claim brought by both the United States and the Private Plaintiffs, a proper and constitutional reading of Section 8(c)(2) of the NVRA does not interfere with the State's right to set and enforce voter registration requirements and did not prohibit the 2024 process from being implemented. The decision to not more fully explicate the State Defendants' case is not intended, and does not operate as, a waiver of any argument or agreement with any accusation.

2. The parties in both *Alabama Coalition for Immigrant Justice v. Allen*, No. 2:24-cv-1254 (*ACIJ* or *ACIJ v. Allen*), and *United States v. Alabama*, No. 2:24-cv-1329, began Rule 26(f) discussions collectively in December 2024. Thereafter, the Private Plaintiffs and the State Defendants, for different

---

[1] In *Alabama Coalition for Immigrant Justice v. Allen*, No. 2:24-cv-1254, the State Defendants are: Hon. Wes Allen, who is sued in his official capacity as Secretary of State for the State of Alabama; Hon. Steve Marshall, who is sued in his official capacity as Attorney General for the State of Alabama; Hon. Sheila Cox Barbuck, who is sued in her official capacity as Chair of the Marshall County Board of Registrars; Hon. Jan Bennett, who is sued in her official capacity as Chair of the Elmore County Board of Registrars; Hon. Barry Stephenson, who is sued in his official capacity as the Jefferson County Registrar; and, Hon. Cindy Thrash, who is sued in her official capacity as Chair of the Lee County Board of Registrars. In *United States v. Alabama*, No. 2:24-cv-1329, the State Defendants are: the State of Alabama and Hon. Wes Allen, who is sued in his official capacity as Secretary of State for the State of Alabama.

reasons, jointly moved for a stay of the Private Plaintiffs' case. Jnt. Mot. to Stay, ACIJ ECF No. 96. The Court granted the joint motion. Order, ACIJ ECF No. 97. These parties owe the Court a status report in mid-March 2025. *See id.* At that point, a number of possibilities could materialize. One possibility is that the Private Plaintiffs may want to pursue their claim pursuant to Section 8(c)(2) of the NVRA on the same schedule as the United States, and they are likely to argue that proceeding along the same or a similar schedule is in the interest of judicial economy and efficiency. If the Private Plaintiffs' claims are not moot, the State Defendants are likely to argue that a stay should continue in place as to discovery until the Court rules on their Motion to Dismiss and that a longer schedule is needed to address the Private Plaintiffs' case.

Despite the stay, all parties have remained engaged in the ongoing Rule 26(f) discussions. As set out below, the parties have reached agreements on a number of items, but only the parties to *United States v. Alabama* plan to proceed to discovery at this time. Accordingly, the discovery plan is proposed only as to the United States and State Defendants in *United States v. Alabama*.

3. Federal Rule of Civil Procedure 26(f) conferences were held on December 11 and 19, 2024, as well as on January 2 and 15, 2025. All conferences were by videoconference.

    Kathryn Huddleston, Brent Ferguson, Kate Hamilton, Shilpa Jindia, Nina Beck, Michelle Kanter Cohen, Jess Unger, Ahmed Soussi, and Sabrina Khan, representing Private Plaintiffs, as well as Kunal Dixit, a legal fellow at Campaign Legal Center.

    Dan Freeman, Kelli Slater, and Richard Dellheim, representing the United States, along with Natasha Aust, Justin Fields-Gray, and Jeff Hylton, assisting counsel.

    Misty S. Fairbanks Messick and Scott Woodard represented the State Defendants. Mike Jones, General Counsel for the Secretary of State, attended the December 19 videoconference, and Meridith Blackburn, Deputy General Counsel in the Secretary's office, attended both December videoconferences. Angelique Pugh, an IT professional in the Alabama

          Attorney General's office, assisted counsel during the December 11 videoconference.

4.       Initial Disclosures.

          Because all proceedings are stayed, no proposal is made in *ACIJ v. Allen*.

          The United States and State Defendants in *United States v. Alabama* will complete by **January 23, 2025**, reciprocal initial disclosures required by Rule 26(a)(1).

          The Private Plaintiffs, the United States, and the State Defendants stipulate that they need not produce disclosures pursuant to Rule 26(a)(1)(A)(iii)-(iv).

5.       Discovery Plan. The United States and the State Defendants propose the following discovery plan:

    (a)     Discovery may be needed on at least these subjects:

       i.     The timing of the Process,
      ii.     Development of the Process,
     iii.     Implementation of the Process,
     iv.     The impact of the Process,
      v.     Planned voter registration list maintenance related to the Process,
     vi.     The contentions of the United States,
    vii.     The State Defendants' defenses, and
   viii.     The equities relevant to injunctive relief.

    (b)     Discovery will commence on **January 23, 2025**, and will close on **September 26, 2025**. The United States and the State Defendants will limit discovery requests during the period between January 23, 2025, and March 3, 2025, to matters that do not require significant search or review and matters related to the development of expert reports. These Parties agree to work in good faith as needed regarding discovery requests made during this period and may stipulate to extensions of related production and response deadlines.

    (c)     The United States and the State Defendants agree that, once discovery commences, each party may serve on any other party no more than 25

      written interrogatories, including all discrete subparts. The responding party must serve its answers and any objections within 30 days after being served with such interrogatories, absent a standalone stipulation.

(d)     The United States and the State Defendants agree that, once discovery commences, each party may serve on any other party an unlimited number of requests for admission, subject to Rule 26(b) proportionality limitations. The party to whom the request is directed must serve a written answer or objection within 30 days after being served, absent a standalone stipulation, otherwise the request will be deemed admitted.

(e)     The United States and the State Defendants agree that, once discovery commences, each party may conduct up to ten depositions without further leave of the Court, excluding experts.

(f)     The United States and the State Defendants agree that, once discovery commences, unless otherwise stipulated or ordered by the Court, each deposition will be limited to one day of seven hours. The parties agree to work in good faith to schedule depositions that can be completed during normal work hours.

      Designation under Rule 30(b)(6) of an individual who has been deposed or will be deposed pursuant to Rule 30(b)(1) will not impact the time permitted for either deposition. However, this shall not preclude a stipulation or motion to limit the duration of a subsequent deposition, following objections as to the scope of questioning during a Rule 30(b)(1) or 30(b)(6) deposition.

(g)     The United States may disclose the report of an expert to appear in its affirmative case by June 27, 2025. The State Defendants may disclose the report of an expert by August 8, 2025. The United States may disclose a rebuttal report by an expert to appear in its affirmative case or a report by a rebuttal expert by September 5, 2025.

(h)     The United States and the State Defendants agree that, once discovery commences, the parties will supplement disclosures and responses pursuant to Rule 26(e) in a timely manner upon learning that

disclosures or responses are materially incomplete or incorrect. Supplemental identification of individuals pursuant to Rule 26(a)(1)(A)(i) must be complete thirty days before the close of discovery. All other supplementation must be complete by the close of discovery.

6. The Private Plaintiffs, the United States, and the State Defendants attach hereto a proposed order regarding discovery of electronically stored information, including an agreement under Federal Rule of Evidence 502, and respectfully request that the Court enter such order for good cause shown.

7. Other Items

   (a) The Private Plaintiffs, the United States, and the State Defendants do not believe that a scheduling conference is needed at this time.

   (b) The United States and the State Defendants propose that the United States be permitted to amend pleadings by March 14, 2025.

   Because all proceedings are stayed, no proposal is made in *ACIJ v. Allen*.

   (c) The United States and the State Defendants propose that the State Defendants be permitted to amend pleadings or join parties in *United States v. Alabama* by April 14, 2025.

   Because all proceedings are stayed, no proposal is made in *ACIJ v. Allen*.

   (d) The United States and the State Defendants propose that dispositive motions in *United States v. Alabama* be due by October 17, 2025.

   Because all proceedings are stayed, no proposal is made in *ACIJ v. Allen*.

   (e) The United States contends that settlement of the Quiet Period claim is possible and has provided the State Defendants with a written outline of potential settlement terms.

        The Private Plaintiffs also contend that settlement is possible and have provided Defendants with a written outline of potential settlement terms.

        The State Defendants have received outlines from the United States and the Private Plaintiffs and will give the same due consideration.

(f)      The Private Plaintiffs, the United States, and the State Defendants do not believe that alternative dispute resolution would enhance settlement prospects at this time.

(g)      Should the claim under Section 8(c)(2) of the NVRA reach trial, the United States and the State Defendants propose a three- or four-day trial to begin on January 12, 2026. This amount of time would also accommodate trial of the Private Plaintiffs' Section 8(c)(2) claim, should Private Plaintiffs' claim reach trial simultaneously. However, a three- or four-day trial would not be adequate for trial of Private Plaintiffs' additional claims.

        The Private Plaintiffs and the State Defendants in *ACIJ v. Allen* believe it is appropriate to refrain from assessing a timeline for the Private Plaintiffs' claims in that case, in light of the current stay.

(h)      Private Plaintiffs, the United States, and the State Defendants consent to electronic service of required disclosures, discovery requests, discovery responses, and any other documents associated with this litigation that are not filed with the Court's CM/ECF system. An electronic signature by counsel is sufficient for these documents. The parties agree that electronic service may be treated as personal service so that no additional days are added for any response.

For the Private Plaintiffs,

/s/ *Joseph Mitchell McGuire*
Joseph Mitchell McGuire (ASB-8317-S69M)
MCGUIRE & ASSOCIATES, LLC
31 Clayton Street
Montgomery, Alabama 36104
334-517-1000 Office
334-517-1327 Fax
jmcguire@mandabusinesslaw.com

/s/ *Ellen Degnan*
Ellen Degnan, ASB 3244I12V
Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL 36104
(334) 313-0702
ellen.degnan@splcenter.org

/s/ *Jess Unger*
Bradley Heard
Sabrina Khan
Jess Unger
Southern Poverty Law Center
1101 17th Street NW
Suite 550
Washington, DC 20036
bradley.heard@splcenter.org
sabrina.khan@splcenter.org
jess.unger@splcenter.org

*/s/ Ahmed Soussi*
Ahmed Soussi
Southern Poverty Law Center
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
ahmed.soussi@splcenter.org

/s/ *Kathryn Huddleston*
Danielle Lang
Brent Ferguson
Kathryn Huddleston
Kate Hamilton
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
khuddleston@campaignlegalcenter.org
khamilton@campaignlegalcenter.org

/s/ *Michelle Kanter Cohen*
Michelle Kanter Cohen (D.C. Bar No. 989164)
Nina Beck (WI State Bar No. 1079460)
Jon Sherman (D.C. Bar No. 998271)
FAIR ELECTIONS CENTER
1825 K St. NW, Ste. 701
Washington, D.C. 20006
(202) 331-0114
mkantercohen@fairelectionscenter.org
nbeck@fairelectionscenter.org
jsherman@fairelectionscenter.org

Date: January 17, 2025

For the United States:

        KRISTEN CLARKE
        Assistant Attorney General
        Civil Rights Division

        */s/ Daniel J. Freeman*
        R. TAMAR HAGLER
        RICHARD A. DELLHEIM
        DANIEL J. FREEMAN
        KELLI M. SLATER
        Attorneys
        Voting Section, Civil Rights Division
        U.S. Department of Justice
        950 Pennsylvania Avenue, N.W
        Washington, D.C. 20530
        (202) 305-5451
        daniel.freeman@usdoj.gov

Date: January 17, 2025

For the State Defendants:

        Steve Marshall
          *Attorney General*

        <u>*/s/ Misty S. Fairbanks Messick*</u>
        James W. Davis (ASB-4063-I58J)
        Robert M. Overing (ASB-8736-M14Q)
          *Deputy Attorneys General*
        Misty S. Fairbanks Messick (ASB-1813-T71F)
        Scott Woodard (ASB-1001-F94C)
          *Assistant Attorneys General*
        OFFICE OF THE ATTORNEY GENERAL
        STATE OF ALABAMA
        501 Washington Avenue
        P.O. Box 300152
        Montgomery, Alabama 36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 353-8400
        Jim.Davis@AlabamaAG.gov
        Robert.Overing@AlabamaAG.gov
        Misty.Messick@AlabamaAG.gov
        Scott.Woodard@AlabamaAG.gov

Date: January 17, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to counsel of record.

> */s/ Daniel J. Freeman*
> Daniel J. Freeman
> Attorney, Voting Section
> Civil Rights Division
> U.S. Department of Justice